UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE JIM JIMENEZ,

        Plaintiff,                                  Civil Action No. 14-CV-13298

v.                                                       Honorable Patrick J. Duggan

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFF'S OBJECTIONS, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, and (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a social security case. Plaintiff Clarence Jim Jimenez appeals from the final determination of the Commissioner of Social Security that he is not disabled and, therefore, not entitled to disability insurance benefits and supplemental security income. The matter was referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings. The parties filed cross-motions for summary judgment. On September 1, 2015, Magistrate Judge Morris issued a Report and Recommendation ("R&R"), recommending that Defendant's motion be granted and that Plaintiff's motion be denied. Plaintiff filed objections to the

R&R.  The Court reviews *de novo* those portions of the R&R to which a specific objection has been made.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff advances three objections to the R&R.  All of them involve the argument that the ALJ failed to incorporate the full extent of Plaintiff's limitations into his residual functional capacity ("RFC").  Specifically, in his first objection, Plaintiff argues that the ALJ failed to accommodate in the RFC limitations stemming from Plaintiff's knee impairment; in his second objection, Plaintiff argues that the ALJ failed to consider evidence relating to Plaintiff's depression and incorporate limitations resulting from that condition into his RFC; and in his third objection, Plaintiff argues that the RFC does not accommodate the full extent of Plaintiff's limitations because it does not take into account Plaintiff's inability to withstand stress.  With respect to the third objection, Plaintiff contends that the jobs that the vocational expert testified Plaintiff can perform involve a degree of stress that Plaintiff cannot tolerate.

Regarding the first objection, the ALJ discussed Plaintiff's left knee pain in her decision.  The ALJ noted that Plaintiff complained of left knee pain in June 2010 and that an x-ray of Plaintiff's left knee at that time was "negative."  ALJ Decision at 7 (ECF No. 11-2 Page ID 64).  The ALJ also noted that an MRI of Plaintiff's left knee in November 2010 revealed a "'small' medial meniscal tear, small joint effusion, and 'questionably' abnormal appearance of the anterior

cruciate ligament." *Id.* Finally, the ALJ noted that Plaintiff complained of knee pain in January 2011. *Id.* at 8 (Page ID 65). In the RFC, the ALJ limited Plaintiff to sedentary work in which Plaintiff sits for most of the day (up to about six hours in an eight-hour workday) and stands/walks occasionally (up to about two hours in an eight-hour work day). *Id.* at 5 (Page ID 62). Plaintiff does not explain why these limitations do not adequately accommodate his left knee pain. In fact, Plaintiff does not point to any evidence suggesting that his knee pain impairs his ability to work. Moreover, the record does not specify what positions or activities (sitting, standing, running, etc.) cause or exacerbate Plaintiff's knee pain, and Plaintiff's knee pain was mentioned only very briefly during the hearing before the ALJ. Instead, the hearing focused on Plaintiff's diverticulitis and left shoulder pain. Only two questions were asked during the hearing about Plaintiff knee pain – when the pain began and what types of problems he was having with his knee – and then Plaintiff's attorney moved on to a different topic without eliciting testimony about any work-related limitations resulting from Plaintiff's knee impairment. *See* 3/4/13 Hr'g at 22-23 (ECF No. 11-2 Page ID 97-98). In sum, having reviewed the record, the Court does not find evidence suggesting any limitations resulting from Plaintiff's left knee pain, much less limitations beyond those included in the RFC.

In his second objection, Plaintiff argues that the ALJ "failed to consider or address the evidence regarding [his] depression." Objections at 2 (ECF No. 18 Page ID 496). However, Plaintiff's treatment for depression is discussed extensively in the ALJ's decision. *See* ALJ Decision at 6-9 (Page ID 63-66). After recounting the medical evidence relating to Plaintiff's depression, the ALJ concluded that Plaintiff's "mental health treatment history . . . demonstrated improving depression that was relatively well treated through medication." *Id.* at 9 (Page ID 66). Plaintiff does not explain why he believes the ALJ's conclusion, or the reasoning underlying it, is erroneous and, having reviewed the record, the Court concludes that the conclusion is supported by substantial evidence.

Plaintiff's third and final objection encompasses two issues. The first is Plaintiff's argument that the RFC is faulty because it does not accommodate his purported inability to handle stress. Plaintiff acknowledges that the RFC limits him to tasks involving "simple instructions" and "simple tasks," but argues that these limitations do "not account for stress, because although something may be a 'simple task' does not mean that it is not stressful." Objections at 5 (Page ID 499). While Plaintiff may be correct that his RFC does not accommodate stress, the only evidence to which Plaintiff points suggesting that he has issues with stress is the opinion of Ms. McLaren, a nurse practitioner who opined in a medical source statement that Plaintiff was "moderately limited" in his ability to "withstand the

stress and pressures associated with an eight-hour work day and day-to-day work activity." ECF No. 11-7 (Page ID 415). However, the ALJ assigned "little weight" to Ms. McLaren's opinion, noting that Ms. McLaren "is not an acceptable medical source and her findings are inconsistent with [Plaintiff's] mental health treatment history, which demonstrated improving depression that was relatively well treated through medication." ALJ Decision at 9 (Page ID 66). Plaintiff does not challenge the ALJ's decision to discount Ms. McLaren's opinion, a decision by the ALJ that is entitled to deference on review. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997) ("[T]he ALJ has the discretion to determine the appropriate weight to accord a [nurse practitioner's] opinion based on all evidence in the record since a [nurse practitioner] is not a medical source.").

The second issue raised in Plaintiff's third objection is an argument that the Commissioner failed to meet its burden at step five of the familiar five-step sequential evaluation process used to determine whether a social security claimant is disabled. "At step five, the Commissioner must identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity and vocational profile." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2014). Here, the ALJ relied on the testimony of a vocational expert to determine that there are sufficient jobs available for Plaintiff, given his RFC. The vocational expert testified that Plaintiff could perform the following three

5

occupations: surveillance system monitor (1,800 positions available in Michigan and 74,400 positions available nationally); paper inserter (1,700 positions available in Michigan and 80,200 positions available nationally); and order clerk (1,900 positions available in Michigan and 215,000 positions available nationally). ALJ Decision at 12 (Page ID 69). In his summary judgment brief, Plaintiff argued that the vocational expert erred in concluding that Plaintiff could perform the job of paper inserter because Plaintiff's RFC limits him to sedentary work and the job of paper inserter is classified as "light" work. Both the Commissioner in her summary judgment brief and the Magistrate Judge in her R&R assume that Plaintiff's argument is correct. However, the Magistrate Judge accepted the Commissioner's counter-argument that the vocational expert's mistake is harmless because, even if Plaintiff cannot perform the demands of a paper inserter, the vocational expert identified two additional occupations that Plaintiff can perform – surveillance system monitor and order clerk – both of which are classified as sedentary and available in sufficient numbers. *See* R&R at 23-24 (ECF No. 17 Page ID 491-92).

Plaintiff appears to take issue with the Magistrate Judge's determination that the error is harmless, arguing that jobs in the two additional occupations are not available in sufficient numbers. However, the Court rejects that argument, as there are at least 3,700 positions for Plaintiff in Michigan and 289,400 positions

nationally, and those numbers are sufficient. *See, e.g.*, *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. 2009) (availability of 2,000 jobs regionally sufficient to satisfy step five burden); *Colon v. Comm'r of Soc. Sec.*, No. 00-CV-0556, 2004 WL 1144059, at *8-9 (N.D.N.Y. Mar. 22, 2004) (availability of 100,000 jobs nationally and 100 jobs regionally sufficient to satisfy step five burden). Moreover, whether the jobs are available locally is irrelevant. *See* 42 U.S.C. § 423(d)(2)(A) ("An individual shall be determined to be under a disability . . . if his physical or mental impairment or impairments are of such severity that he . . . cannot . . . engage in any . . . kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives."); 20 C.F.R. § 404.1566(a)(1) ("We consider that work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country. It does not matter whether . . . Work exists in the immediate area in which you live.").

For these reasons, the Court overrules Plaintiff's objections to the R&R.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's R&R adopted;

**IT IS FURTHER ORDERED** that Plaintiff's objections to the Magistrate Judge's R&R are overruled;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is granted;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is denied.

Dated: September 21, 2015                    s/PATRICK J. DUGGAN
                                             UNITED STATES DISTRICT JUDGE

Copies to:
Hugh R. LeFevre, Esq.
Derri T. Thomas, Esq.
Karla J. Gwinn, Esq.